JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Ani Sakalian, SBN: 274846
    E-mail: asakalian@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
SPECULATIVE PRODUCT DESIGN, INC., dba
SPECK PRODUCTS

Todd B. Krauss, SBN: 187991
    E-mail: tbk@wandklaw.com
21800 Oxnard St., Suite 30 5
Woodland Hills, CA 91367
Telephone: (818) 226-5700
Facsimile: (818) 226-5704

Attorneys for Defendant
HING TSANG

JS-6

*note changes made by the Court.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, INC., dba SPECK PRODUCTS, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HING TSANG, an Individual, et al., | Case No.: CV11-01604 ODW (VBKx)<br><br>[~~PROPOSED~~] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT ~~JUDGMENT~~ AND FOR PERMANENT INJUNCTION AGAINST DEFENDANT HING TSANG |

- 1 -
[~~PROPOSED~~] FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION

|   | Defendants | [File concurrently herewith Stipulation to Set Aside Entry of Default Judgment and for Permanent Injunction Against Defendant Hing Tsang] |

The Court, pursuant to the Stipulation To Set Aside Entry of Default Judgment and for Permanent Injunction Against Defendant Hing Tsang ("Stipulation"), between Plaintiff SPECULATIVE PRODUCT DESIGN, INC., dba SPECK PRODUCTS ("Plaintiff"), on the one hand, and Defendant HING TSANG ("Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES as follows:

1. Default Judgment entered by the Clerk against Defendant on April 22, 2011, is hereby VACATED;

2. **PERMANENT INJUNCTION.** Defendants and any person or entity acting in concert with, or at the direction of him, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's Speck® and Candyshell® trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Speck® and Candyshell® trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial

exploitation, television, web-based or any other program, or any product or service, or otherwise;

       b.      performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiff, any Plaintiff's Speck® and Candyshell® trademarks, and/or Plaintiff's business reputation or goodwill;

       c.      engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

       d.      using any Internet domain name or website that includes any Plaintiff's trademarks, including the Speck® and Candyshell® marks.

      3.     Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit Speck® and Candyshell® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

      4.     The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

      5.     After VACATING the default ~~judgment~~ against Defendant and the entry of permanent injunction against Defendant, the Court hereby DISMISSES, without prejudice, Plaintiff's claims against Defendant, pursuant to Rule 41(a)(1)(A)(ii) of the *Federal Rules of Civil Procedure*.

///

6. **NO FEES AND COSTS**. Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 23rd day of June, 2011.

_____
HON. OTIS D. WRIGHT II
United States District Judge for the Central District of California